| NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| --- | --- | --- |
| FORSYTH COUNTY | ) | SUPERIOR COURT DIVISION |
| | ) | 05 CVS 3150 |

DENNIS J. GRILLO,  )
       Plaintiff    )
                       )
vs                            )    COMPLAINT
                       )
NORTH CAROLINA SCHOOL OF THE ARTS  )
and THE UNIVERSITY OF NORTH CAROLINA,)
       Defendants   )

---

Plaintiff, complaining of Defendants alleges and says:

PARTIES

1. Plaintiff Dennis J. Grillo lives at 3530 Lakeview Drive, Pfafftown, NC 27040; he is presently a citizen and resident of Forsyth County, North Carolina, and he has resided in North Carolina for more than six months next proceeding the institution of this action; at all times pertinent to this action until his termination, Plaintiff was more than forty years old and an employee of the Defendant.

2. The Defendant, North Carolina School of the Arts, hereinafter referred to as "NCSA," is an institution of higher learning which was established pursuant to N.C.G.S. 116-64 by the North Carolina legislature as a part of the University of North Carolina system. Defendant NCSA was created and is operated to provide higher education to students in the performing arts.

3. The University of North Carolina, hereinafter referred to as "UNC", is an agency of the State of North Carolina, which was established to operate the public universities within its system, including the Defendant NCSA.

4. Each Defendant is authorized to do business and at all times material hereto was doing business in the State of North Carolina; at all times pertinent to this action, each Defendant was

1

Case 1:05-cv-00489-JAB-RAE   Document 2-2   Filed 06/02/05   Page 1 of 6

engaged in an industry affecting commerce, had a requisite number of employees, and was otherwise an "employer" as defined by 42 U.S.C. Sec. 2000e(b).

## JURISDICTION

5. This is a civil action to redress injury done to Plaintiff by Defendants's discriminatory treatment in employment on the basis of his **age**, in violation of (i) the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621, et seq., (hereafter "ADEA"); and (ii) the public policy of North Carolina, as expressed by N.C. Gen. Stat. Sec. 143-422.2.

6. Jurisdiction of this Court arises out of and is based upon 28 U.S.C. Sec. 1343, this being a proceeding to enforce rights and remedies secured under 29 U.S.C. Sec. 626 (b) and (c) and 29 U.S. C. Sec. 216(b) as well as by N.C.G.S. 143.422.2. Jurisdiction is further invoked pursuant to 29 U.S.C. Sec. 1331 as well as by 28 U.S.C. Sec. 2201 and 2202, this being an action for declaratory relief declaring illegal the acts of Defendant complained of herein in violation of the above-cited statutes. Furthermore, the state courts of North Carolina exercise concurrent jurisdiction over these claims.

## ADMINISTRATIVE PROCEDURES

7. On or about November 30, 2004, Plaintiff filed a charge (Charge no. 145-2005-00351) alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC") in Greensboro, N.C.; this charge was filed within 180 days of the discriminatory actions.

8. On February 22, 2005, the EEOC issued a "right to sue" letter to Plaintiff covering the charge; he received the letter in the mail on or about February 24, 2005.

9. Plaintiff has complied with all procedural prerequisites to filing this action.

## FACTUAL BASIS FOR LAWSUIT

10 Plaintiff began working for NCSA in November 1997; he served in an administrative management capacity in information technology and, at the time of his termination, he had been the manager of the OneCard Office for more than four years.

2

11. Throughout his years of employment with Defendant, Plaintiff was qualified for his positions, performed his job responsibilities in a diligent and effective manner, and received favorable performance reviews, except during the year preceding his termination he received no review at all.

12. Nevertheless, on October 27, 2004, without providing any warning or articulating any justification, Defendants discharged Plaintiff.

13. Plaintiff's position was then filled by a person who was under the age of 40 years and was less qualified than Plaintiff for the job.

14. Plaintiff suffered an adverse employment action when he was terminated from employment.

15. Plaintiff was born on October 28, 1947; as a person 57 years old at the time of his termination, he is a member of a protected class of employees.

## FIRST CLAIM FOR RELIEF

16. Plaintiff hereby incorporates by reference paragraphs 1 through 15 above as if fully set forth herein.

17 There exist no legitimate, nondiscriminatory reasons for Defendants's decision to terminate Plaintiff's employment and replace him with a less qualified individual under 40 years old.

18 Defendants's termination of Plaintiff's employment because of his age constitutes unlawful discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621, et seq.

19. Defendants's willful violation of the ADEA justifies declaratory and injunctive relief to prohibit existing and continuing discriminatory employment practices and to remedy the past discriminatory acts.

20. This violation further justifies an award of reinstatement and promotion, back-pay, front-pay, lost benefits, pay differentials, and other compensatory and consequential damages against Defendants; Plaintiff is also entitled to an award of his reasonable attorney's fees.

21. As the result of Defendants's violation of the ADEA, Plaintiff has been damaged as follows: the loss of past, present and future wages; the suffering of stress, anxiety, emotional pain and distress, mental anguish, and the loss of much of his enjoyment of life.

22. Further, to the extent that Defendants's conduct as herein set out was purposeful, deliberate, intentional and done with reckless disregard of the rights of Plaintiff, Plaintiff is entitled to an award of punitive damages.

## SECOND CLAIM FOR RELIEF

23. Plaintiff hereby incorporates by reference paragraphs 1 through 22 above, as if fully set forth herein.

24. The public policy of North Carolina, as expressed in N.C.Gen.Stat. Sec. 143-422.2, mandates that employers such as Defendants with fifteen or more employees shall not discriminate on the basis of an employee's age.

25. Defendants's discriminatory treatment of Plaintiff as alleged hereinabove was and continues to be in violation of the public policy of North Carolina.

26. Defendants's willful violation of the public policy of our State justifies declaratory and injunctive relief to prohibit existing and continuing discriminatory employment practices and to remedy the past discriminatory acts; it further justifies an award of reinstatement, back-pay, front-pay, lost benefits, pay differentials, and other compensatory and consequential damages against Defendants; Plaintiff is also entitled to an award of his reasonable attorney's fees and punitive damages.

27. As the result of Defendants's violation of this public policy, Plaintiff has been damaged as follows: loss of past, present and future wages; the suffering of stress, anxiety, emotional pain and distress, mental anguish, and the loss of much of his enjoyment of life.

WHEREFORE, the Plaintiff prays the Court:

1. A declaratory judgment that Defendants willfully violated the rights of Plaintiff as secured by (1) the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621, et seq.; and (2) the public policy of North Carolina, as expressed by N.C. Gen. Stat. Sec. 143-422.2.

2. A mandatory injunction prohibiting Defendants from continuing to violate (1) the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621, et seq., and (2) the public policy of North Carolina, as expressed by N.C. Gen. Stat. Sec. 143-422.2.

3. An order that Defendants immediately reinstate Plaintiff to his former position or to the next available comparable position; or, in the event Plaintiff is denied reinstatement, that he be awarded full front pay.

4. An order that Defendants pay Plaintiff back-pay, plus interest thereon, with pension rights, Social Security benefits and all other employment benefits that would be available to him but for his termination.

5. An order awarding Plaintiff compensatory and consequential damages in excess of $10,000.00.

6. An order awarding Plaintiff pre-judgment and post-judgment interest on the award of damages to the maximum extent allowed by law.

7. An award of punitive damages in an amount not less than $10,000.00.

8. An award of costs and of any reasonable attorney's fees, pursuant to 42 U.S.C. Sec. 2000e-5(k).

9. That this verified complaint be accepted by the Court as an Affidavit in this action.

10. That this case be tried by a jury.

11. That the Court grant such other and further relief as may be proper.

This the 16 day of May, 2005.

/s/ Dennis J. Grillo
DENNIS J. GRILLO, Plaintiff
3530 Lakeview Drive
Pfafftown, NC 27040
(336) 924-6258

[Verification next page]

5

Case 1:05-cv-00489-JAB-RAE   Document 2-2   Filed 06/02/05   Page 5 of 6

## VERIFICATION

Dennis J. Grillo, being duly sworn, deposes and says:

That the contents of the foregoing COMPLAINT are true to his own knowledge, except as to matters stated on information and belief, and as to those matters, he believes them to be true.

_____
Dennis J. Grillo

Sworn to and subscribed before me,

this 16th day of May, 2005.

_____
Notary Public

My Commission Expires: 2-7-2010

[Notary Seal: Official Seal, North Carolina, County of Forsyth, William B. Gibson, My comm. expires Feb. 7, 2010]

6