IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

FILE NO. 1:05-CV-00489

FILED
JUL 1 8 2005
IN THIS OFFICE
Clerk U S. District Court
Greensboro, N. C.
By

DENNIS J. GRILLO,

                Plaintiff,

       v.

NORTH CAROLINA SCHOOL
OF THE ARTS and THE
UNIVERSITY OF NORTH
CAROLINA,

                Defendants.

**ANSWER OF DEFENDANTS**

Defendants the North Carolina School of the Arts (NCSA) and the University of North Carolina hereby respond to plaintiff's complaint, as follows

## FIRST DEFENSE

1      Admitted

2      NCSA is a constituent institution of The University of North Carolina (UNC) established pursuant to Articles I and IV of Chapter 116 of the North Carolina General Statutes, and specifically described in Article IV of Chapter 116 of the North Carolina General Statutes  Except as admitted, the allegations and averments in paragraph 2 are denied

3      The University of North Carolina is a public multi-campus university established pursuant to Article I of Chapter 116 of the North Carolina General Statutes and its purpose, organization, and governance is described in N C G S § 116-1 *et seq* Except as admitted, the allegations and averments in paragraph 3 are denied

4      It is admitted that the Board of Governors of The University of North Carolina is a body politic incorporated by N.C Gen Stat § 116-3, and that NCSA, a constituent institution of UNC by provision of N C. Gen Stat § 116-4, is an educational institution engaging in educational programs and was an "employer" as defined by 42 U S C § 2000e(b) Except as admitted, the allegations in paragraph 4 are denied

## JURISDICTION

5      Defendants admit that the complaint purports to state a claim to redress injury to plaintiff by defendants' alleged discriminatory treatment in employment on the basis of age in violation of the Age Discrimination in Employment Act and the public policy of North Carolina Defendants deny that they unlawfully discriminated against plaintiff on the basis of his age Defendants further deny that the complaint states any legally sufficient claim against them

6      The allegations in paragraph number 6 state a legal conclusion or assertion, which defendants are not required to admit or deny, to the extent that defendants are required to respond to such allegations, the allegations are denied Defendants removed this action pursuant to 28 U S C § 1441(a) Venue properly lies in the Middle District of North Carolina

## ADMINISTRATIVE PROCEDURES

7      The allegations contained in paragraph 7 are admitted

8      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8

9      The allegations in paragraph number 9 state a legal conclusion or

assertion, which defendants are not required to admit or deny, to the extent that defendants are required to respond to such allegations, the allegations are denied

10      It is admitted that plaintiff began employment as an Administrative Assistant I in November 1997, and that plaintiff became the Director, Bookstore/One Card Manager in June 2000, and that plaintiff was terminated   Except as admitted, the allegations in paragraph 10 are denied

11      The allegations contained in paragraph 11 are denied, except it is admitted that plaintiff was qualified for positions he received with NCSA, and that plaintiff did not receive a written performance review in the year prior to his termination

12      It is admitted that plaintiff was discontinued with 90 days severance under UNC regulations on 27 October 2004 and that since this separation was "without cause" no reason needed to be stated in accordance with UNC regulations.  Except as admitted, the remaining allegations of paragraph 12 are denied

13      The allegations in paragraph 13 are denied

14      It is admitted that plaintiff was discontinued with 90 days severance under UNC regulations on 27 October 2004   Whether plaintiff suffered an "adverse employment action" states a legal conclusion or assertion, which defendants are not required to admit or deny, to the extent that defendants are required to respond to such allegations, the allegations are denied

15      It is admitted that plaintiff was born 28 October 1947   Whether plaintiff is "a member of a protected class of employees" states a legal conclusion or assertion, which defendants are not required to admit or deny, to the extent that defendants are required to respond to such allegations, the allegations are denied

## FIRST CLAIM FOR RELIEF

16      The allegations of paragraphs 1 through 15 of the complaint are admitted or denied in paragraphs 1 through 15 of defendants' Answer and those responses are realleged as if fully set forth here

17      The allegations contained in paragraph 17 are denied

18      The allegations contained in paragraph 18 are denied

19      The allegations contained in paragraph 19 are denied.

20      The allegations contained in paragraph 19 are denied

21      Defendants lack sufficient knowledge to respond as to whether plaintiff has suffered "stress, anxiety, emotional pain and distress, mental anguish, and the loss of much of his enjoyment of life " Defendants, however, deny that any of these problems, or other adverse consequences have occurred as a direct or proximate result of any of their conduct  No action of defendants was in any way a proximate cause or the "but for" reason of any of damages or harm that plaintiff claims to have suffered.  Defendants deny plaintiff's claim to damages

22      The allegations contained in paragraph 22 are denied

## SECOND CLAIM FOR RELIEF

23      The allegations of paragraphs 1 through 22 of the complaint are admitted or denied in paragraphs 1 through 22 of defendants' Answer and those responses are realleged as if fully set forth here in paragraphs 1 through 22 of defendants' Answer.

24      The allegations contained in paragraph 24 state a legal conclusion or assertion, which defendants are not required to admit or deny

25    The allegations contained in paragraph 25 are denied

26    The allegations contained in paragraph 26 are denied

27    Defendants lack sufficient knowledge to respond as to whether plaintiff has suffered "stress, anxiety, emotional pain and distress, mental anguish, and the loss of much of his enjoyment of life " Defendants, however, deny that any of these problems, or other adverse consequences have occurred as a direct or proximate result of any of their conduct   No action of defendants was in any way a proximate cause or the "but for" reason of any damages or harm that plaintiff claims to have suffered.  Defendants deny plaintiff's claim to damages

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted   Therefore, the complaint should be dismissed pursuant to Rule 12(b)(6).

## THIRD DEFENSE

No action of defendants was in any way a proximate cause or the "but for" reason of any damages or harm that plaintiff claims to have suffered

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's federal law claims for his failure to exhaust his administrative remedies, and to the extent the complaint was filed later than 90 days after plaintiff's receipt of a Notice of Right to Sue from the EEOC

## FIFTH DEFENSE

To the extent that plaintiff has failed to comply with applicable statutes of limitation, such claims should be dismissed

## SIXTH DEFENSE

Plaintiff cannot recover punitive damages against the State or its agency defendants

## SEVENTH DEFENSE

To the extent that plaintiff has plead relief not available under N C G.S § 143-422 2, that relief is barred.

WHEREFORE defendants request that the Court.

1.   Deny all relief requested in the complaint,

2   Dismiss the complaint in its entirety,

3   Tax all costs of this action and attorneys' fees against plaintiff; and

4   Grant defendants all other relief the Court considers appropriate

This the 15th day of July 2005

ROY COOPER
Attorney General

John P Scherer II
Assistant Attorney General
N C State Bar No. 19259
N C Department of Justice
P O Box 629
Raleigh, NC 27602
(919) 716-6920

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **ANSWER** was served

upon counsel for plaintiff by depositing the same in the United States mail, first class

postage prepaid, and addressed to

      William B Gibson
      Attorney at Law
      8 W. Third Street, Suite 610
      Winston Salem, NC 27101

This the 15 day of July 2005

      John P Scherer II
      Assistant Attorney General